UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

------------------------------------------------------x
MILTON CAYETTE,                                 :
an individual,                                  :     CASE NO.:
                                                :
          Plaintiff,                            :
                                                :     Judge:
vs.                                             :
                                                :
                                                :     Magistrate:
                                                :
SPEEDY JUNCTION, INC. and                       :
P. & S. PETROLEUM INCORPORATED                  :
                                                :
          Defendants.                           :
------------------------------------------------------x

## COMPLAINT

Plaintiff, MILTON CAYETTE, by and through his undersigned counsel, hereby files this Complaint and sues SPEEDY JUNCTION, INC. ("SPEEDY JUNCTION") and P. & S. PETROLEUM INCORPORATED ("P. & S.") (hereinafter collectively referred to as "DEFENDANTS") for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MILTON CAYETTE, (hereinafter referred to as "MR. CAYETTE"), is a resident of St. James Parish, Louisiana. MR. CAYETTE resides at 8185 Highway 18, St. James, Louisiana, 70086.

4. MR. CAYETTE is a qualified individual with a disability under the ADA. MR. CAYETTE is afflicted with an amputated left leg below the knee.

5. Due to his disability, MR. CAYETTE is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, defendant SPEEDY JUNCTION is a corporation incorporated in the State of Louisiana and doing business in Ascension Parish.

7. Upon information and belief, defendant SPEEDY JUNCTION is domiciled at 7139 Highway 22, Sorrento, Louisiana 70778.

8. Upon information and belief, defendant SPEEDY JUNCTION is the lessee and/or operator of the real properties and improvements that are the subject of this action, to wit: the Speedy Junction Gas & Service Station, which is located at 7139 Hwy 22, Sorrento, Louisiana 70778 (hereinafter referred to as "the Property").

9. Upon information and belief, defendant P. & S. is a corporation incorporated in the State of Louisiana and doing business in Ascension Parish.

10. Upon information and belief, defendant P. & S. is domiciled at 18490 S. Harrells Ferry Rd., Baton Rouge, Louisiana 70816.

11. Upon information and belief, defendant P. & S. is the owner of the Property.

12. DEFENDANTS are obligated to comply with the ADA.

13. All events giving rise to this lawsuit occurred in the Middle District of Louisiana, Ascension Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

14. MR. CAYETTE realleges and reavers Paragraphs 1 - 13 as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 7139 Highway 22, Sorrento, Louisiana 70778.

16. MR. CAYETTE has visited the Property numerous times in the past and desires to visit the Property again in the near future. MR. CAYETTE lives less than fifteen (15) miles away from the Property.

17. Upon information and belief, MR. CAYETTE'S most recent visit to the Property prior to filing this Complaint was on August 13, 2016.

18. During his visits to the Property, MR. CAYETTE experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 24.

19. MR. CAYETTE continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in Paragraph 24, which still exist.

20. The barriers discussed below in Paragraph 24 are excluding MR. CAYETTE from the programs and activities offered at the Property.

21. The barriers discussed below in Paragraph 24 are depriving MR. CAYETTE an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

22. MR. CAYETTE intends to and will visit the Property to utilize the goods and services in

the future, but MR. CAYETTE presently fears that he will encounter the same barriers to access which are the subjects of this action.

23. MR. CAYETTE plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

24. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

        A.    The accessible route that connects the accessible-designated parking space to the facility's entrance is not sufficiently wide, and is blocked by a garbage can and a gas pump;

        B.    There is an impermissible cross-slope on the accessible route that connects the accessible-designated parking space to the facility's entrance;

        C.    The accessible-designated parking spaces throughout the Property lack the required vertical signage;

        D.    The flushing mechanism on the toilet in the men's water closet is on the wall side, not on the transfer side as required;

        E.    Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

25. MR. CAYETTE continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 24 are removed.

26. MR. CAYETTE intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANTS will continue to discriminate against him by failing to modify the barriers at the Property.

27. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

28. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

29. Upon information and belief, removal of the barriers to access located on the Property would provide MR. CAYETTE with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

30. Independent of his intent to return as a patron to the Property, MR. CAYETTE additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

31. MR. CAYETTE has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. CAYETTE is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. CAYETTE demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. CAYETTE; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman (LA # 35128)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:  /s/ Marc P. Florman
     MARC P. FLORMAN